No. 772
PROVIDERS LIFE ASSURANCE CO. v. ANDRYC
Ohio Appeals, 6th Dist., Lucas Co.
No. 1576. Decided June 22, 1925

647. INSURANCE—Duty upon Company to clearly prove that on application of insured, statements of non-usage of alcoholic stimulants were wilfully false, fraudulently made, and that it induced issuance of policy and that agent of company had no knowledge of falsity or fraud.

225. CHARGE TO JURY—Refusal of court to charge that words "clearly proven" in 9391 GC. mean, "proven by a preponderance of the evidence" is not error for to so charge would defeat intention of legislature in enacting same.

RICHARDS, J.

On Nov. 7, 1922, the Providers Life Assurance Co. issued a life insurance policy to one Andy Andryc. Andryc paid the annual on the same day. He died Feb. 11, 1923.

The Company claimed that the policy was issued in reliance upon an application made in writing by the decedent, which application contained answers by decedent setting forth that he did not use alcoholic stimulants, wine or malt liquors and never had used them to excess. It was claimed that Andryc was a user of alcoholic stimulants and to excess, having died of acute alcoholism; and that statements made by him in his application were false, made for the purpose of defrauding the company, said statements being material as they induced the issuance of the policy.

The company brought its action in the Lucas Common Pleas against Pauline Andryc seeking to evade the payment of the $1,000 to decedent's wife, the beneficiary under the policy. On trial of the case, she recovered a judgment for the amount of the policy. Er-

## STATE COURT OF APPEALS—Continued

ror was prosecuted and the Court of Appeals held:

1. Whether the decedent, prior to the time the policy was issued, used intoxicating liquors to excess, is a matter upon which the witnesses are in serious conflict.

2. Under 9391 GC. no answer to any interrogatory made by an applicant for a policy shall bar the right to recover unless it is clearly proved that such answer is wilfully false, was fraudulently made, that it is material and induced the company to issue the policy and that but for such answer the policy would not have been issued; and also that the agent of the company had no knowledge of the falsity or fraud of the answer.

3. The duty rested upon the Company to clearly prove the matter specified under 9391 GC.

4. The company insists that the trial judge erred in refusing to charge that the words "clearly proven" in the statute means "proven by a preponderance of the evidence". To so charge would defeat the manifest purpose of the legislature in enacting the statute, and the court was not in error by refusing to charge as requested.

5. The jury in reaching its verdict may well have given weight to the inspection report caused to be made by the company before the policy was issued, where the agent in making inquiry into the decedent's habits reported that his habits were very good and that he did not get intoxicated or use intoxicating liquors.

6. On the whole the verdict and judgment are not manifestly against the weight of the evidence.

Judgment affirmed.

Attorneys—Holbrook & Banker for Company; Walinski & Flowers for Andryc; all of Toledo.